# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEVEN A. MCGEE,                           Case No. 1:10-cv-521
    Plaintiff

                          Weber, J.
    vs                                     Hogan, M.J.

UNITED STATES, et al.,                     **ORDER**
    Defendants


Plaintiff, an inmate at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania, brings this action pro se pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, et seq., *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1985. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly,* 550 U.S. at 557) (internal quotations omitted)).

Plaintiff brings this action against the United States of America, the Clerk of Court and employees of the United States District Court for the Western District of Michigan, the Clerk of Court and employees of the United States Court of Appeals for the Sixth Circuit, and staff

attorneys for the Sixth Circuit Court of Appeals. The 154 paragraph complaint alleges, *inter alia*, that the various clerk of court employees failed to properly file his motions, issued orders claiming his notices of appeal were untimely, appointed counsel for plaintiff in one of his criminal appeals, but not another, refused to correct the official docket sheet in response to his motion to correct the record, forwarded an incomplete record to the Court of Appeals for purposes of an appeal, refused to record an audiotape submitted in support of his appeal, directed plaintiff's appointed counsel to raise no more than two issues in plaintiff's appellant brief on appeal, failed to grant his motion to correct the district court record on appeal, ordered a joint appendix which excluded many important documents related to his appeal, refused to record a motion for stay and for bond and to forward such motion to the judge of his choice, forwarded his appeal to Sixth Circuit Staff Attorneys "for a planned summary dismissal," failed to timely record his motions and backdated the electronic docket to reflect a timely docketing of the motion, refused to supply him with a copy of the joint appendix when his court-appointed counsel would not send him one, refused to record many other motions he filed, refused to record a transfer order from the District Court for the District of Columbia, and failed to properly file the transferred case and amended complaint filed therein which resulted in the imposition of two filing fees.

Plaintiff also alleges that Sixth Circuit staff attorneys failed to perform an adequate review of his claims in drafting decisions in his appeals, improperly affixed the names of Sixth Circuit appellate judges to the orders and opinions they drafted, summarily denied his meritorious claims, improperly ruled on the timeliness of his appeals, impersonated appellate judges and ruled incorrectly on his motions, and denied his petition for recall of mandates and

other motions without review by an Article III judge.

Plaintiff alleges that the foregoing actions constitute an abuse of legal process, fraud, and extortion in violation of the Federal Tort Claims Act. In the alternative, plaintiff alleges a violation of his rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1985. Plaintiff seeks damages.

Plaintiff's claims for monetary relief against the individual defendants are barred by absolute judicial immunity. Absolute judicial immunity extends to non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted). Quasi-judicial immunity applies to persons "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id*. (citation omitted). A court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *Gallagher v. Lane*, 75 Fed. Appx. 440, 441 (6th Cir. 2003) (citing *Johnson v. Turner,* 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh,* 864 F.2d 416, 417-18 (6th Cir. 1988)). "When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 Fed. Appx. 365, 366 (6th Cir. 2001) (per curiam) (citing *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)). *See also Bradley v. United States*, 84 Fed. Appx. 492 (6th Cir. 2003) (law clerk and court clerk entitled to absolute judicial immunity for alleged delay in filing habeas petition); *Carlton v. Baird*, 72 Fed. Appx. 367 (6th Cir. 2003) (per curiam) (state-court clerk's office employees entitled to absolute quasi-judicial immunity from § 1983 suit arising out of refusal to file complaint due to inmate's failure to pay a

4

complete filing fee); *Fish v. Murphy,* 22 Fed. Appx. 480, 482 (6th Cir. 2001) (clerk who

misfiled document leading to dismissal of plaintiff's suit entitled to judicial immunity); *Odom*

*v. Martin*, 229 F.3d 1153 (6th Cir. 2000) (unpublished), 2000 WL 1176883 (Sixth Circuit Clerk

of Court entitled to immunity by entering a court order in his capacity as court clerk);

*Mwonyonyi v. Gieszl*, No. 89-5495, 1990 WL 10713 (6th Cir. Feb. 9, 1990) (per curiam)

(deputy clerk of court entitled to absolute quasi-judicial immunity from damages on claim he

refused to file document submitted by plaintiff); *Rodman v. Dalton,* No. 89-3011, 1989 WL

113898 (6th Cir. Oct. 2, 1989) (per curiam) (state-court judge, clerk, and prosecutor entitled to

quasi-judicial immunity from damages for allegedly failing to file plaintiff's proposed criminal

complaint and affidavit).

 In the instant case, plaintiff alleges that the clerk of court defendants refused to file or

improperly filed his various motions, appeals, and other documents, or issued improper orders

in his cases and appeals.  These functions are intimately related to the judicial process and fall

squarely within the scope of the clerks' quasi-judicial immunity.  Likewise, the Sixth Circuit

staff attorneys are entitled to judicial immunity by virtue of providing assistance to appellate

court judges in carrying out their judicial functions.  *See Bradley,* 84 Fed. Appx. at 493.  *See*

*also Jackson v. Houck,* 181 Fed. Appx. 372, 373 (4th Cir. 2006); *Mitchell v. McBryde,* 944

F.2d 229, 230 (5th Cir. 1990); *Oliva v. Heller,* 839 F.2d 37, 40 (2nd Cir. 1988).  Accordingly,

plaintiff's *Bivens* and § 1985 claims against the individual clerks, employees, and staff

attorneys are barred by absolute judicial immunity and must be dismissed.[1]

---

[1]The Court notes that plaintiff has failed to allege any basis upon which the Court could exercise personal jurisdiction over employees of the United States District Court for the Western District of Michigan, nor would venue over those defendants be proper in the Southern District of Ohio.  Moreover, it appears that plaintiff has raised the same or similar claims against the named Western District of Michigan defendants in another lawsuit which was

Plaintiff's claims against the United States under the FTCA are also barred by judicial immunity. Section 2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C.A. § 2674.

In this case, the United States is entitled to judicial immunity under the FTCA because the clerk of court and staff attorney defendants whose alleged acts form the basis of plaintiff's claims are immune from suit as explained above. *See, e.g., Tinsley v. Widener*, 150 F. Supp.2d 7, 12 (D.D.C. 2001) (judicial immunity protects United States from FTCA suit); *Buck v. Stewart*, No. 07-cv-774, 2008 WL 901716, at *4 (D. Utah March 31, 2008) (United States possesses judicial immunity as to FTCA claims where individual judicial defendants are immune); *Dockery v. United States*, No. 08-80031-CIV, 2008 WL 345545, at *2 (S.D. Fla. Feb. 6, 2008) (same); *Lawrence v. Conlon*, No. 92 C 2922, 1995 WL 153273, at *5 (N.D. Ill. April 6, 1995) (federal officers performing judicial functions are entitled to absolute judicial immunity from claims brought under FTCA). Therefore, plaintiff's claims for monetary relief against the United States under the FTCA are likewise barred by judicial immunity and must be dismissed.

The Court concludes that plaintiff's complaint is subject to dismissal on the ground

---

dismissed by the district court and is now pending before the Sixth Circuit Court of Appeals. *See McGee v. United States*, Case No. 1:08-cv-154, 2009 WL 909589 (W.D. Mich. March 31, 2009). In any event, it is clear plaintiff's claims against these individuals are barred by quasi-judicial immunity.

that it seeks monetary relief from defendants who are immune from such relief.  The complaint

against defendants is hereby **DISMISSED** with prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: _8/10/10_

_____
Herman J. Weber, Senior Judge
United States District Court

7